IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| TODD LYLE GRAZIER | : | Case No. 17-11349-TPA |
| *Debtor(s)* | : | Chapter 13 |
| | : | |
| TODD LYLE GRAZIER | : | |
| *Movant,* | : | |
| v. | : | Related to Document No. 81 |
| | : | |
| NO RESPONDENT | : | |

## ORDER EMPLOYING PROFESSIONAL FOR DEBTOR

*AND NOW,* this *16th* day of *November, 2021*, upon consideration of the *Motion for Approval of Brian Kurtich, Realtor, of 1st Rate Realty, LLC*, it is **ORDERED, ADJUDGED and DECREED** as follows:

(1)  *Brian Kurtich, Realtor, of 1st Rate Realty, LLC, 745 Liberty Street, Franklin, PA 16323* is/are hereby appointed as **Realtor** for Debtor in this bankruptcy proceeding for the reasons set forth in the *Motion,* as of the date of filing the *Motion*.

(2)  Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well, including: the time and labor reasonably required by the Professional to perform, the novelty and difficulty of the issues presented, the skill requisite to perform the service properly, the preclusion of other employment due to acceptance of this case, the customary fee for similar services, the time limitations imposed by the client or the circumstances encountered while performing the services, the experience, reputation and ability of the Professional(s) involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(3)  Approval of any motion for appointment of a professional in which certain fees are requested for various identified professionals is not an agreement by the Court to allow such fees at the requested hourly rates, and is not a preapproval of compensation pursuant to *11 U.S.C. §328(a)*. Final compensation awarded only after notice and hearing, may be more or less than the requested hourly rates based on application of the above-mentioned factors in granting approval by Court Order. *Any retainer paid to the Professional is unaffected by this Order and remains property of the Estate until further order of Court.*

(4)  Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and the Professional, this *Order* does not authorize the Professional to retain or pay any outside counsel or other professional to assist the Professional in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

(5)  Movant shall serve the within Order on all interested parties and file a certificate of service.

_____  asg
Thomas P. Agresti, Judge
United States Bankruptcy Court

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 17-11349-TPA |
| Todd Lyle Grazier | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: culy | Page 1 of 1 |
| Date Rcvd: Nov 16, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 18, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Todd Lyle Grazier, 22058 Crimson Drive, Meadville, PA 16335-5508 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: Nov 18, 2021 | Signature: | /s/Joseph Speetjens |

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 16, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bnicholas@kmllawgroup.com |
| Daniel P. Foster | on behalf of Debtor Todd Lyle Grazier dan@mrdebtbuster.com katie@mrdebtbuster.com;kaitlyn@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com |
| Jerome B. Blank | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION pawb@fedphe.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 5